[Cite as *State v. McAllister*, 2025-Ohio-4834.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2024CA00193 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2024-CR-0741 |
| MAXIMILLION SHROB MCALLISTER, | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 22, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; Kevin W. Popham, Judges

**APPEARANCES:** KYLE STONE, Prosecuting Attorney, CHRISTOPHER A. PIEKARSKI, Assistant Prosecuting Attorney, for Plaintiff-Appellee; D. COLEMAN BOND, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, Maxamillion Shrob McAllister, appeals his conviction and sentence of attempted murder with a firearm specification, discharge of a firearm on or near prohibited premises with a firearm specification, felonious assault with a firearm specification, and having weapons while under disability in the Stark County Court of Common Pleas. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On April 11, 2024, the Stark County Grand Jury indicted the appellant on one count of Attempted Murder in violation of R.C. 2903.02(A) with a firearm specification in violation of R.C. 2941.145(A), one count of Discharge of Firearm on or near Prohibited

Premises in violation of R.C. 2923.162(A)(3) with a firearm specification in violation of R.C. 2941.145(A), one count of Felonious Assault in violation of R.C. 2903.11(A) with a firearm specification in violation of R.C. 2941.145(A), and one count of Having Weapons while under Disability in violation of R.C. 2923.13(A)(3).

{¶3}   On April 19, 2024, the appellant pled not guilty to the indictment.

{¶4}   On August 7, 2024, the appellant waived his right to a jury trial solely on the charge of Having Weapons while under Disability.

{¶5}   On August 12, 2024, the matter proceeded to trial; however, the trial court declared a mistrial after the appellant appeared to be under the influence of drugs and/or alcohol.

{¶6}   On October 28, 2024, a new trial commenced.

{¶7}   At trial, Patrolman Andrew Cook testified that on March 29, 2024, he responded to a shooting in Canton, Ohio, around 8:00 p.m. Upon arrival, another cruiser was already on the scene. The victim was lying in the front yard and had visible injuries to his mouth, back, and two wounds to his legs. Initially, the victim did not identify his assailant.

{¶8}   Detective Brandon Shackle testified that he later interviewed the victim, R.M., at the hospital. R.M. said he had arranged to meet an acquaintance, J.M., for a drug deal. He did not identify his shooter at that time. J.M. corroborated that he and R.M. had gone to the location to conduct a drug transaction.

{¶9}   After speaking with R.M. and R.M.'s mother, Detective Shackle learned the appellant may have been R.M.'s assailant. R.M. had first met the appellant at a gas station, which was captured on surveillance footage. The State entered still photographs

into evidence showing the two men together and shaking hands, appearing to be on friendly terms.

{¶10} Detective Shackle obtained other footage showing the appellant's vehicle leaving the scene shortly after the shooting. Surveillance captured the appellant's vehicle traveling to a Dollar General Store. Additional surveillance video captured R.M. and J.M. walking toward R.M.'s vehicle shortly before the appellant crossed the street and began shooting at R.M.

{¶11} Detective Shackle also obtained security footage of the appellant taking several plastic bags from the Dollar General store. The footage shows the appellant wearing the same clothing as R.M.'s shooter. Officers recovered Dollar general plastic bags from the appellant's vehicle when they later took him into custody.

{¶12} R.M. testified that J.M. contacted him about acquiring cocaine, and they agreed to meet in Canton. R.M. arrived with an acquaintance, O.K., and his girlfriend. J.M. claimed he needed to retrieve his wallet and asked R.M. to take him to an ATM. R.M.'s girlfriend became suspicious and asked to leave, but R.M. insisted on staying. At that moment, the appellant approached and demanded the money R.M. owed him. R.M. offered cocaine as payment, which the appellant declined, then began shooting. The appellant allegedly shouted to J.M., "I got him."

{¶13} R.M. testified that he had obtained drugs from the appellant earlier but could not repay him, which prompted the shooting. On cross-examination, R.M. admitted he initially lied to police out of fear the appellant would harm him or his family.

{¶14} After the trial, the appellant was found guilty of Attempted Murder in violation of R.C. 2903.02(A) with a firearm specification in violation of R.C. 2941.145(A), one count

of Discharge of Firearm on or near Prohibited Premises in violation of R.C. 2923.162(A)(3) with a firearm specification in violation of R.C. 2941.145(A), one count of Felonious Assault in violation of R.C. 2903.11(A) with a firearm specification in violation of R.C. 2941.145(A), and one count of Having Weapons while under Disability in violation of R.C. 2923.13(A)(3).

{¶15} At sentencing, the trial court merged the appellant's conviction for Felonious Assault (with its firearm specification) into his conviction for Attempted Murder (with its firearm specification). The trial court sentenced the appellant to an aggregate indefinite prison term of twenty-eight years to thirty-three and a half years.

{¶16} The appellant filed a timely notice of appeal and herein raises the following three assignments of error:

{¶17} "I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST APPELLANT, AND THE CONVICTION MUST BE REVERSED."

{¶18} "II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AND MUST BE REVERSED."

{¶19} "III. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS NOT CLEARLY AND CONVINGLY (sic) SUPPORTED BY THE RECORD, AND THERE WERE NO FINDINGS INCORPORATED INTO THE TRIAL COURT'S SENTENCING JUDGMENT ENTRY."

**I., II.**

{¶20} In the appellant's first and second assignments of error, the appellant argues that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. We disagree.

## STANDARD OF REVIEW

{¶21} The appellant challenges his convictions on both manifest weight and sufficiency of the evidence grounds. Sufficiency of the evidence was addressed by the Supreme Court of Ohio in *State v. Worley*, 2021-Ohio-2207, ¶57:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs" R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶219.

{¶22} Thus, a review of the constitutional sufficiency of the evidence to support a criminal conviction requires a court of appeals to determine whether, after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

{¶23} Manifest weight of the evidence, on the other hand, addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St. 3d 380 (1997). The Court stated:

> Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis added.) Black's, *supra*, at 1594.

*Id*. at 387.

{¶24} The Court stated further:

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the fact finder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether

in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id.*

"* * *[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review Section 60, at 191-192 (1978).

## ANALYSIS

{¶25} In the appellant's first and second assignments of error, the appellant challenges the State's evidence identifying the appellant as insufficient and against the manifest weight. We disagree.

{¶26} At trial, the victim identified the appellant as the individual who shot him five times over a debt the victim owed. On multiple prior occasions, the victim told law enforcement and testified that he did not know who the shooter was. However, on the

witness stand, the victim explained this discrepancy, stating that he had been afraid to identify the appellant because he was not in custody and feared for his own safety and that of his family. Considering all the evidence in the record, and being mindful that "the original trier of fact was in the best position to judge the credibility of witnesses and determine the weight to be given to the evidence," we find that the appellant's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. *State v. King*, 2023-Ohio-875, ¶36 (12th Dist.).

**{¶27}** The appellant's first and second assignments of error are overruled.

**III.**

**{¶28}** In the appellant's third assignment of error, the appellant argues that the trial court erred in imposing consecutive sentences because the trial court's findings were not supported by the record. We disagree. The appellant also argues that the trial court failed to incorporate its findings into its sentencing entry. We agree.

**STANDARD OF REVIEW**

**{¶29}** An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 2016-Ohio-1002, ¶23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).,

Thus, we may vacate or modify the appellant's sentence only if we find by clear and convincing evidence that the record does not support it.

**{¶30}** The issue of consecutive sentences was discussed by the Supreme Court of Ohio in the seminal case of S*tate v Bonnell*, 2014-Ohio-3177:

> On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id*. at ¶28. The issue was subsequently addressed by this Court in *State v. Corbett*, 2023-Ohio-556 (5th Dist.):

> We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22. In *State v. Gwynne*, a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.1 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, ¶2019-Ohio-4761, 141 N.E.3d 169, ¶16-18.

R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28; *Gwynne*, supra, ¶16.

Clear and convincing evidence is that evidence "which will provide in the mind of the trier off acts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St.469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

*Id*. at ¶24-26.

**ANALYSIS**

**{¶31}** The appellant first argues that the trial court erred by imposing consecutive sentences, as its findings were not supported by the record. We disagree.

**{¶32}** The trial court made the appropriate findings for imposing consecutive sentences during the sentencing hearing:

The Court has ordered that consecutive sentences be served in this case, and further finds that consecutive sentences are necessary to protect

the public from future crime by the Defendant; that consecutive sentences are necessary to punish the Defendant and they are not disproportionate to the seriousness of the Defendant's conduct and the danger that he poses to the public; that two or more of the offenses were committed as a course of conduct and that the harm caused by those offenses was so great that no single prison term for any such offenses is adequate to reflect the seriousness of the Defendant's conduct; and that the Defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

**{¶33}** At trial, evidence established that the appellant approached the victim and shot him five times across a public roadway in a residential neighborhood, in connection with a debt the victim owed him. He shot the victim once in each leg, once in the buttocks, once in the back, and once in the face. The record further reflects that the appellant had prior convictions for two counts of aggravated trafficking in drugs and fourteen counts of trafficking in drugs. Based on our review of the record, we find that the record supports the trial court's imposition of consecutive sentences.

**{¶34}** The appellant also argues that the trial court failed to properly incorporate its consecutive-sentence findings into the sentencing entry dated November 5, 2024, as required. The State conceded this issue. A trial court's failure to incorporate the statutory findings into the sentencing entry, after properly making them at the sentencing hearing, constitutes clerical error that may be corrected through a nunc pro tunc entry. *Bonnell* at ¶30. Accordingly, we remand the matter to the trial court for the limited purpose of issuing

a nunc pro tunc entry that incorporates the consecutive sentencing findings made at the sentencing hearing into the journalized entry.

## CONCLUSION

{¶35} Based upon the foregoing, the decision of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

{¶36} Costs to the appellant.

By: Baldwin, P.J.

King, J. and

Popham, J. concur.